IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
KANSAS CITY, KANSAS COURTHOUSE

| | |
|---|---|
| THOMAS R. WINSTON, individually and in his capacity as the trustee of 5 irrevocable non-testamentary trusts of Bernard H. Winston, Plaintiff, vs. VAN OSDOL, P.C., and ANNE LINTON POND HENDRICKSON, Defendants. | ) ) ) ) ) Case No. _____ ) ) ) Division _____ ) ) ) |

MOTION TO FILE CASE UNDER SEAL

COMES NOW Plaintiff, by attorney, pursuant to F.R.C.P. 5, and moves the court to permit Plaintiff to file the above captioned matter, under seal because:

1. March 16, 1998 Plaintiff's then spouse, and mother of their children Michelle and David, filed for divorce from Plaintiff (hereinafter "divorce case").

2. On or about August 23, 1998 the Kansas Department of Social and Rehabilitative Services, "SRS" (now Kansas Department for Children and Families), an administrative agency of the executive branch of the Kansas government created by K.S.A. 75-5301, received a confidential report that Plaintiff abused David.

3. On January 14, 1999 SRS received a confidential report Plaintiff abused Michelle.

4. SRS substantiated the allegations of abuse and substantiated Plaintiff as being the person that abused David and Michelle.

5. Plaintiff, a cardiothoracic surgeon, vehemently disputed the allegations and litigated the matter to the Kansas Supreme Court, *Winston v. Kansas Dept. of SRS, 49 P.3d 1274, 274 Kan. 396 (2002)*, but lost and was denied certiorari by the U.S. Supreme Court, *537 U.S. 1088 (2002)*.

6. Since 2002 someone routinely provided a copy of the Kansas Supreme Court decision to Plaintiff's employers, resulting in the loss of employment by Plaintiff.

7. Every time there is any litigation concerning Plaintiff, and there has been more than the average person, Plaintiff's current employer receives a copy of the Kansas Supreme Court decision resulting in the loss of employment for Plaintiff.

8. Consequently for the past 18 or so years, Plaintiff hasn't been able to find employment as a cardiothoracic surgeon, but instead has worked as an emergency room physician.

9. During litigation in Jackson County, Missouri, from 2010 - 2016, filed by Plaintiff against a financial institution, Plaintiff's children, David and Michelle, were brought in by the financial institution, as 3rd Party Defendants. Once again the allegations of abuse were resurrected by the attorneys for David and Michelle, who are the defendants in this case. The court in Jackson County, Missouri stated in its decision(s) that, "Whether or not Thomas abused the Twins, either physically or mentally, is irrelevant to the Court's decision. … This finding of abuse, however, has no impact on the decision in this case."

10. Plaintiff was a trustee of 5 "Paintings Trusts" for David and Michelle. In the process of terminating the "Paintings Trusts", on March 25, 2020, Plaintiff filed a declaratory judgment asking the Johnson County, Kansas District Court to determine if he was entitled to reimbursement of his out of pocket expenses and if so how much, a trustee's fee and if so how much and a lien on the corpus of the "Paintings Trusts" for his fee and expenses. Once again the allegations of abuse were resurrected by the attorneys for David and Michelle, in the District Court of Johnson County, Kansas, who are the defendants in this case.

11. Defendants continuously republish the information contained in *Winston v. Kansas Dept. of SRS, 49 P.3d 1274, 274 Kan. 396 (2002)*, which forms the basis for this lawsuit. Plaintiff does not want the allegations of abuse republished again, but that information is necessarily contained in Plaintiff's Complaint.

12. Plaintiff requests this court permit Plaintiff to file this case under seal and to seal all pleadings and other documents filed in this case that contain any information concerning the allegations of abuse.

WHEREFORE, for the foregoing reasons, Plaintiff requests and Order from the court permitting Plaintiff to file this case under seal and to seal all pleadings and other documents filed in this case that contain any information concerning the allegations of abuse.

Respectfully submitted,

/s/ R. Todd Wilhelmus
_____
R. Todd Wilhelmus          KS Bar No. 14742
433 East 72nd Street, Kansas City, Mo 64131
Telephone No.          (816) 255-9088
Facsimile No.          (816) 444-2403
ToddWilhelmus@gmail.com
ATTORNEY FOR PLAINTIFF